UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VILLARROEL, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>RECOLOGY INC., et al.,<br><br>    Defendants. | Case No. 24-cv-03266-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 31 |

Pending before the Court is Defendants Recology, Inc., Recology San Francisco, Sunset Scavenger Company, and Golden Gate Disposal & Recycling Company's (collectively, "Defendants") motion to dismiss Plaintiffs' fourth amended complaint. Dkt. No. 31 ("Mot."). The Court finds the matters appropriate for disposition without oral argument and takes the matters under submission. *See* Civil L.R. 7-1(b). For the following reasons, the Court **GRANTS** Defendants' motion to dismiss.

**I.    BACKGROUND**

The Court previously dismissed Plaintiffs' third amended complaint, which accused Defendants of (1) violating California's Unfair Competition Law ("UCL"), (2) fraud, (3) breach of contract, (4) violating the Consumer Legal Remedies Act ("CLRA"), (5) negligence, and (6) violating the Racketeering Influenced and Corrupt Organization ("RICO") Act. Dkt. No. 26 ("Order") at 6–21.[1] The Court's Order directed Plaintiffs to file any amended complaint by April 18, 2025. *Id.* at 21. Plaintiffs filed a fourth amended complaint ("4AC") on April 21, 2025. Dkt. No. 30 ("4AC").

---

[1] For ease of reference, the Court refers to the PDF pages rather than the document's internal pagination unless otherwise noted.

1    Plaintiffs' 4AC once again brings claims for (1) violating the UCL, (2) fraud, (3) violating
2 the CLRA, (4) negligence, and (5) violating the RICO Act.  Plaintiffs do not reassert a claim for
3 breach of contract.  A more comprehensive factual background is set forth in the Court's prior
4 order.  *See* Order at 1–3.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 9(b) imposes a heightened pleading standard where fraud is an essential element of a claim.  *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).  A plaintiff must identify "the who, what, when, where, and how" of the alleged conduct, so as to provide defendants with sufficient information to defend against the charge.  *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).  However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. Rule 9(b).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

**III.  DISCUSSION**

Defendants argue that Plaintiffs' 4AC "fails to address the deficiencies identified in Plaintiffs' prior pleading[,]" and therefore "fails to state any claims against Recology." Mot. at 8. First, with respect to Plaintiffs' UCL, CLRA, and fraud claims, Defendants argue that Plaintiffs have once again failed to adequately plead actual reliance. *Id*.  Next, Defendants argue that Plaintiffs' negligence claim fails, because "Plaintiffs have not adequately alleged that Recology breached any legally cognizable duty to Plaintiffs." *Id*. at 9.  Finally, Defendants argue that "Plaintiffs have not cured the shortcomings . . . in their RICO claim . . . ." *Id*.  The Court first addresses Plaintiffs' RICO claim.

**A.  Civil RICO Claim (Count VI)**

To state a claim for a RICO violation under 18 U.S.C. § 1962(c), Plaintiffs must plead that Defendants "participate[d] in (1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity or collection of unlawful debt." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014).  "In addition, the conduct must be (5) the proximate cause of harm to the victim." *Id*.  "To show the existence of an enterprise under the second element, [P]laintiffs must plead that the enterprise has (A) a common purpose, (B) a structure or organization, and (C) longevity necessary to accomplish the purpose." *Id*. "Racketeering activity, the fourth element, requires predicate acts . . . ." *Id*.  The Ninth Circuit has "applied the particularity requirements of [R]ule 9(b) to RICO claims." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).  "Rule 9(b) requires that the pleader state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Id*.

The Court previously found that Plaintiffs adequately alleged the existence of an enterprise

3

but failed to allege a pattern of racketeering activity and an effect on interstate commerce. *Id*. at 15–21.  Plaintiffs' 4AC once again alleges that Defendants engaged in predicate acts of bribery under 18 U.S.C. § 666, concealment money laundering under 18 U.S.C. § 1956, and honest services wire fraud under 18 U.S.C. §§ 1343.  4AC ¶¶ 333–426.  Defendants challenge the adequacy of Plaintiffs' allegations regarding the predicate acts and effect on interstate commerce.

      **i.**    **Pattern of Racketeering Activity**

Plaintiffs allege that Defendants engaged in racketeering activity by committing predicate acts of (1) bribery, (2) money laundering, and (3) wire fraud.  4AC ¶¶ 329–426.

        a.    Bribery

The 4AC accuses Defendants of bribery in violation of 18 U.S.C. § 666(a)(2), but § 666(a)(2) is not a predicate act listed in § 1961.  Plaintiffs acknowledge that "Section 666 bribery is not listed as a RICO predicate act under Section 1961" but argue that "the same facts support a RICO predicate racketeering act under California law."  Dkt. No. 32 ("Opp.") at 12.  Plaintiffs ask the Court to "simply deem the 4AC amended since . . . Plaintiffs have already pled all facts necessary to support a bribery count pursuant to 18 U.S.C.S. § 1961(1)."  The Court declines to do so.  Plaintiffs are responsible for ensuring the adequacy and accuracy of their pleadings and have already had four opportunities to amend their complaint.

        b.    Wire Fraud Under 18 U.S.C. § 1343

To state a predicate act of wire fraud in violation of § 1343, a plaintiff must allege "(a) the formation of a scheme to defraud, (b) the use of interstate wires in furtherance of that scheme, and (c) the specific intent to defraud."  *Edwards v. Leaders in Cmty. Alternatives, Inc.*, No. C 18-04609 WHA, 2018 WL 6591449, at *7 (N.D. Cal. Dec. 14, 2018), *aff'd*, 850 F. App'x 503 (9th Cir. 2021).  The Court previously determined that Plaintiffs' TAC did not "set forth any facts showing that Defendants 'used interstate wires' in furtherance of a scheme to defraud."  Order at 18.  The Court once again finds that "[a]lthough the [4]AC alleges that Defendants wired money to other members of the purported enterprise, Plaintiffs do not allege facts suggesting that the wires were 'interstate wires.'"  Order at 18.  Accordingly, the Court finds Plaintiffs have not pled a predicate act of wire fraud under § 1343.

### c. Money Laundering Under 18 U.S.C. § 1956

To state a predicate act of money laundering in violation of § 1956, a plaintiff must allege that "(1) the defendant conducted or attempted to conduct a financial transaction; (2) the transaction involved the proceeds of unlawful activity; (3) the defendant knew that the proceeds were from unlawful activity; and (4) the defendant knew 'that the transaction [was] designed in whole or in part—(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.'" *United States v. Wilkes*, 662 F.3d 524, 545 (9th Cir. 2011) (citation omitted). "[T]ransactions that created the criminally-derived proceeds must be distinct from the money-laundering transaction." *Id*. (citation omitted).

Defendants argue that Plaintiffs "fail to plead that any of the Recology entities conducted a transaction involving the proceeds of unlawful activity." Mot. at 26. Defendants specifically argue that "[i]f the funds transferred were lawful proceeds of Recology's business that were simply 'intended for Nuru,' they were not yet the '*proceeds* of unlawful activity' and cannot support this claim." *Id*. at 26–27 (emphasis in original). Plaintiffs counter that "[o]nce Recology made the money available to Giusti for bribery, [the money] became the 'proceeds' of bribery and the act of providing the money to Non-Profit A was money laundering." Opp. at 10. In so arguing, Plaintiffs rely on *United States v. Grasso*, 724 F.3d 1077 (9th Cir. 2013), and *United States v. Wilkes*, 662 F.3d 524 (9th Cir. 2011), to suggest that Mr. Giusti's act of sending money to Non-Profit A is an act "separately punishable under § 1956(a)(1)(B)(i)." *Id*. at 11.

Plaintiffs allege that Mr. Giusti, "acting for Recology in his role as an officer of Recology, laundered the proceeds of unlawful activity, specifically bribe money intended for Nuru, by transferring it on numerous occasions to various non-profit agencies in San Francisco who then provided the money to Nuru or spent it at Nuru's direction." 4AC ¶ 385. Plaintiffs also allege that Mr. Giusti, "[a]cting for Recology, [] transferred the proceeds of unlawful activity to non-profit agencies instead of disbursing it directly to Nuru with the express intention of concealing the nature (bribe money) and source (from Recology) and control (by Recology) of Recology's gifts to Nuru by making the proceeds appear to be proper, ethical and legal donations to such agencies." *Id*. ¶ 387. The 4AC makes specific factual allegations regarding (1) Recology's "increased []

contribution to the [San Francisco Department of Public Works] holiday party" (*id*. ¶ 394), (2) 35 payments Recology made between February 2013 and November 2019 totaling over a million dollars "to Non-Profit A as Giant Sweep donations" (*id*. ¶ 395), (3) "text messages from Nuru to Non-Profit A's director instruct[ing] him to forward payments Recology had made to Non-Profit A to Non-Profit B" (*id*. ¶ 399), and (4) the use of funds in the "Special Projects" account belonging to Non-Profit B (*id*. ¶ 400–401).

It is not entirely clear to the Court whether Plaintiffs' allegations adequately plead a predicate act of money laundering in violation of § 1956 under the cases they cite. But even assuming they could, Plaintiffs still fail to "identify . . . the role of each defendant in each scheme." *Moore*, 885 F.2d at 541. As the Court previously explained, "[w]here RICO is asserted against multiple defendants, a plaintiff must allege at least two predicate acts by each defendant." *Vaughan v. Wardhaugh*, No. 23-CV-02879-RFL, 2024 WL 2853972, at *2 (N.D. Cal. May 10, 2024). Here, Plaintiffs bring their RICO claim against all Defendants—Recology Inc., Recology San Francisco, Sunset Scavenger Company and Golden Gate Disposal & Recycling Company— but do not specify which predicate acts were committed by which defendant. Once again, Plaintiffs' RICO claim "'lump[s] Defendants together without identifying which Defendants are alleged to have committed which crimes on what occasions' and fail[s] to provide Defendants 'adequate notice to respond individually as to the alleged predicate acts.'" Order at 19 (quoting *Vaughan*, 2024 WL 2853972, at *2); *see also Moore*, 885 F.2d at 541 ("Allegations of fraud under section 1962(c) 'must identify the time, place, and manner of each fraud plus the role of each defendant in each scheme.'"). Accordingly, the Court finds Plaintiffs have failed to plead a pattern of racketeering activity.

### ii. Effect on Interstate Commerce

As stated in the Court's prior order, the RICO Act "requires that the activity of the [e]nterprise . . . have an effect on interstate commerce." *United States v. Rone*, 598 F.2d 564, 573 (9th Cir. 1979). A plaintiff must therefore "demonstrate that the enterprise which is involved in or benefits from the racketeering activity is one engaged in, or having an effect on, interstate commerce." *Musick v. Burke*, 913 F.2d 1390, 1398 (9th Cir. 1990). A "plaintiff[] must show at

6

least a 'minimal' connection with interstate commerce, and must show more than the fact that an alleged RICO enterprise has purchased goods and supplies from out of state." *Belczak v. Shute*, No. SACV090305AGANX, 2009 WL 10674167, at *1 (C.D. Cal. June 29, 2009) (citation omitted).

The 4AC alleges that the enterprise affected interstate commerce in several ways. First, Plaintiffs allege that "Recology was [] enabled to invest the inflated and wrongfully-earned excess revenues" in (1) physical plants (e.g., recycling facilities), (2) "Recology's affiliates in Washington and Oregon," and (3) increased salaries, advertising, executive bonuses and/or other areas wherein such investment accrued to the benefit of the entire organization and its owners, including in its facilities and operations in states other than California." 4AC ¶ 431; *see also id.* ¶¶ 432–41. These are the same type of conclusory allegations the Court previously found insufficient to plead an effect on interstate commerce. *See* Order at 20 ("That Defendants provide waste collection services in Oregon, Washington, and California does not suggest that any illegally obtained profits would necessarily have 'flowed across state lines.' And Plaintiffs do not provide any authority suggesting otherwise.").

Next, Plaintiffs allege that "the increased revenue from waste collection stemming from rate increases" allowed Recology to upgrade its recycling centers, which led to an "increase in recycling pickups" and "a similar increase in Recology's sale of recycling materials in interstate and foreign commerce." *Id.* ¶ 435–37. Plaintiffs specifically allege that Recology used its "excessive profits" to "open a new 85,000 square foot material recycling facility in Santa Rosa, California, part of a $60 million dollar funding expenditure to increase Recology's recycling volume." *Id.* ¶ 435. These allegations fail to plausibly allege any effect on interstate commerce. "[I]t is the enterprise's activities which must ultimately affect interstate commerce . . . ." *United States v. Juv. Male*, 118 F.3d 1344, 1349 (9th Cir. 1997); *see also LaComba v. Eagle Home Loans & Inv., LLC*, No. 2:23-CV-00370-KJM-DB, 2024 WL 418646, at *3 (E.D. Cal. Feb. 5, 2024) ("From the complaint, it is unclear how two California entities engaged in lending activities within California are engaged in or affect interstate commerce."). The actions that Recology undertook, separate from the enterprise, have no bearing on whether the actions of the enterprise affected

7

interstate commerce.

Next, Plaintiffs allege that "during the pertinent period[,] Recology cultivated its relationships with foreign and interstate mills in order to sell larger amounts of recycled materials in foreign and interstate commerce." *Id.* ¶ 438; *see also id.* ¶¶ 439–41. These allegations, too, are completely untethered to any impact the actions of the enterprise had on interstate commerce. Moreover, these allegations are entirely conclusory and devoid of any factual support. The Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *see also LaComba*, 2024 WL 418646, at *3 ("Here, plaintiffs' conclusion defendants are engaged in interstate commerce or otherwise engaged in activities affecting interstate commerce is not supported by any factual allegations.").

Finally, Plaintiffs allege that the enterprise "wrongfully depriv[ed] Plaintiffs and the class of $120 million or more, some significant percentage of which would have otherwise been spent in interstate commerce." *Id.* ¶ 443; *see also id.* ¶¶ 444–453. The Court previously found these allegations insufficient to plead an effect on interstate commerce. *See* Order at 20 ("Plaintiffs' allegation that 'some significant percentage' of the $120 million 'would [] have been spent in interstate commerce' is nothing more than bald speculation."); *see also Belczak*, 2009 WL 10674167, at *2 ("But the [c]ourt finds that these potential effects on interstate commerce constitute 'exactly that sort of incidental effect on interstate commerce which does not warrant federal jurisdiction.'") (citation omitted). That Plaintiffs' 4AC adds more detail regarding the percentage of individuals engaged in online transactions does not change the Court's analysis.

The Court reiterates its prior conclusion that Plaintiffs have failed to allege an effect on interstate commerce. Order at 19–21. "Plaintiffs' RICO claim is based entirely on conduct that occurred in California[,]" and Plaintiffs have not plausibly alleged how the alleged enterprise affected interstate commerce. Order at 20–21; *see also See Dhoat v. Walia*, No. 24-CV-03716-JSC, 2024 WL 4804980, at *7 (N.D. Cal. Nov. 15, 2024) ("The complaint otherwise includes no plausible allegations about how precisely the money was used, to what end, or anything beyond

these words parroted from the language of the statute.").

The Court therefore again finds that Plaintiffs have failed on two independent bases to plausibly allege a RICO claim. Defendants ask the Court to dismiss Plaintiffs' RICO claim with prejudice. Mot. at 25. "A district court [ ] may in its discretion deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (quotations and citations omitted). Moreover, "where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'" *Id*. (citation omitted). Here, Plaintiffs have once again failed to plead either a pattern of racketeering activity or an effect on interstate commerce. The fact that Plaintiffs failed to correct these deficiencies in their 4AC is "a strong indication that the plaintiffs have no additional facts to plead." *Id*. (citation omitted). Accordingly, the Court, in its discretion, denies Plaintiffs leave to amend their RICO claim. Plaintiffs' RICO claim is **DISMISSED WITH PREJUDICE**.

### B.     Supplemental Jurisdiction

Plaintiffs' remaining claims are state law claims for fraud, negligence, and violations of the UCL and CLRA. "A district court may, in its discretion, decline to exercise supplemental jurisdiction over a state law claim where . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." *Doe v. Google LLC*, No. 20-CV-07502-BLF, 2021 WL 4864418, at *7 (N.D. Cal. Oct. 19, 2021), *aff'd*, No. 21-16934, 2022 WL 17077497 (9th Cir. Nov. 18, 2022) (quoting 28 U.S.C. § 1367(c)). "Where subject matter jurisdiction is based on federal question jurisdiction, the Ninth Circuit has held that '[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Id*. (quoting *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010)). Having dismissed Plaintiffs' RICO claim with prejudice,

the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.  Accordingly, Plaintiffs' state law claims are **DISMISSED WITHOUT PREJUDICE**.

## IV. CONCLUSION

The Court **GRANTS** Defendants' motion to dismiss.  Dkt. No. 31.  Plaintiffs' RICO claim is **DISMISSED WITH PREJUDICE**.  The Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, and those claims are **DISMISSED WITHOUT PREJUDICE** to refiling in state court.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:   8/8/2025

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge