UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VILLARROEL, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>RECOLOGY INC., et al.,<br><br>  Defendants. | Case No. 24-cv-03266-HSG<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND DISCHARGING ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 44, 53 |

Before the Court are Villarroel's Motion for Relief from Judgment Pursuant to Rule 60(a), or in the Alternative for Indicative Relief Under Rule 62.1 and Rule 60(b), Dkt. No. 44, and the Court's Order to Show Cause why Plaintiffs' counsel should not be sanctioned for failing to appear, Dkt. No. 53. The Court **DENIES** the motion and **DISCHARGES** the Order to Show Cause.

I. **BACKGROUND**

Plaintiffs filed this case in San Francisco Superior Court in 2021. Dkt. No. 1 at 8. Three years later, Plaintiffs filed a Third Amended Complaint, and the case was removed to federal court. Dkt. No. 1 at 6, 218. Plaintiffs then filed a Fourth Amended Complaint, which Recology moved to dismiss. Dkt. Nos. 30, 31. The Court dismissed the federal claim without leave to amend, declined to exercise supplemental jurisdiction, and dismissed the state law claims without prejudice to refiling in state court. Dkt. No. 38 at 10. Plaintiffs appealed that order and sought to continue litigating the state law claims in San Francisco Superior Court. Dkt. No. 44-1 ¶ 3. They requested a case management conference in state court, sought a meet-and-confer with Recology, and asked to resume discovery. Dkt. No. 44 at 5–6; ECF No. 44-1 at 18, 33–34. Recology and the Superior Court responded that there was no active case in state court, making any case management conference or discovery inappropriate. *Id.* at 5; Dkt. No. 44-1 at 24, 33.

Plaintiffs now ask the Court to amend its motion to dismiss order. They seek an order remanding rather than dismissing the state law claims, and contend that remand was mandatory. Dkt. No. 44. The Court held a hearing on December 19, 2025, and Plaintiffs' counsel failed to appear. *See* Dkt. Nos. 52, 53. The Court issued an Order to Show Cause why Plaintiffs' counsel should not be sanctioned for failing to appear. Dkt. No. 52. Counsel responded with a declaration explaining that his failure to appear was due to a calendaring error. Dkt. No. 54.

## II.   RULE 60 MOTION

Rule 60(a) allows a court to correct "clerical mistakes, oversights and omissions." Fed. R. Civ. P. 60(a). Rule 60(a) is employed to correct genuine errors without losing "fidelity to the intent behind the original judgment." *Garamendi v. Henin*, 683 F.3d 1069, 1078 (9th Cir. 2012). When such order is on appeal, the Court may only correct such clerical errors with the appellate court's leave. Fed. R. Civ. P. 60(a).

Rule 60(b), in turn, permits a party to seek relief from a final judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, which by reasonable diligence could not have been discovered sooner; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; and (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b). Rule 60(b)(6) is a "catchall provision" that "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Washington*, 593 F.3d 790, 797 (9th Cir. 2010) (quotation omitted).

When an order is on appeal and a party files a motion under Rule 60(b), the Court may defer considering the motion, deny the motion, or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

Plaintiffs argue that when the Court dismissed the federal claim and declined supplemental jurisdiction, the Court deprived itself of subject matter jurisdiction. Plaintiffs further contend that when a case is removed to federal court and the Court is later deprived of jurisdiction, it must

1  remand rather than dismiss without prejudice.

2  The Court's order stated:
3  The Court **GRANTS** Defendants' motion to dismiss. Dkt. No. 31. Plaintiffs' RICO claim is **DISMISSED WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, and those claims are **DISMISSED WITHOUT PREJUDICE** to refiling in state court. The Clerk is directed to close the case.

6  Dkt. No. 38 at 10.

7  Plaintiffs argue that this was a clerical error, remediable under Rule 60(a), or alternatively, that the Court should issue an indicative ruling under Rule 62.1(a)(3) that it would correct the order under Rule 60(b) on remand.

### A. The Purported Mistake Was Not a "Clerical Error" Under Rule 60(a)

Civil Rule 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Errors correctable under Rule 60(a) "are limited to clarification of matters intended to be implied or subsumed by the original judgment, rather than a change of course or modification to the intended legal effect of a judgment." *Garamendi*, 638 F.3d at 1077. But once an order is on appeal and the court is divested of jurisdiction, "such a mistake may be corrected only with the appellate court's leave." *Id.*

Plaintiffs argue that it was a clerical error for the Court to dismiss the case without prejudice rather than remand it to state court. Dkt. No. 44 at 4; Dkt. No. 48 at 3. Defendants respond that this decision was not an error, and that even if it was, it was not a "clerical" one. Dkt. No. 47 at 8–9.

The Court may not modify its order under Rule 60(a) because the asserted error was not "clerical." Plaintiffs move the Court to amend the final disposition of the case, which would change the ultimate legal effect of the original order, a result not "implied or subsumed by" the original order. *Garamendi*, 638 F.3d at 1077. Plaintiffs' motion under Rule 60(a) is **DENIED.**

### B. Indicative Relief Under Rules 60(b) and 62.1 is Unwarranted

Rule 60(b)(1) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for," among other things, "mistake." The Supreme Court has

3

held that "mistake" in this context includes judicial legal errors. *Kemp v. United States*, 596 U.S. 528, 538–39 (2022) ("[N]othing in the text, structure, or history of Rule 60(b) persuades us to narrowly interpret the otherwise broad term "mistake" to exclude judicial errors of law."); 11 Wright & Miller, Fed. Prac. & Proc. § 2858.1 (3d ed. 2025). Rule 60(b)(6) provides that the Court may grant relief from its order for "any other reason that justifies relief." While this reflects the Court's "grand reservoir of equitable power," such power should be used sparingly and only in extraordinary circumstances. *Henson v. Fed. Nat'l Fin., Inc.*, 943 F.3d 434, 444–45 (9th Cir. 2019). Since the underlying order is on appeal to the Ninth Circuit, this Court lacks jurisdiction to amend the order. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). But Civil Rule 62.1 allows the Court to issue an indicative ruling under these circumstances. Fed. R. Civ. P. 62.1(a)(2)–(3); *Jones v. Morgan*, No. 24-2271, 2024 WL 3437590, at *1 (9th Cir. June 20, 2024).[1]

Plaintiffs argue that the Court erred in dismissing the state law claims rather than remanding them, based on a lack of subject matter jurisdiction. Dkt. No. 44 at 10–12. They contend this was a mistake justifying relief under Rule 60(b)(1). *Id.* They further argue that *Royal Canin* created a change in law, which would justify relief under Rule 60(b)(6). *Id.* at 13–15.

### i. The Court Did Not Lack Subject Matter Jurisdiction

Plaintiffs argue that once the Court decided to dismiss the federal claim, it lacked subject matter jurisdiction, mandating remand of the remaining state claims. *Id.* at 13–15. Plaintiffs rely on recent Supreme Court and Ninth Circuit opinions, *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 28–35 (2025), and *Walker v. State*, 158 F.4th 971, 976–81 (9th Cir. 2025), which they argue changed the law. Defendant argues that the Court retained supplemental jurisdiction after dismissal of the federal count.

The Court has a continuing obligation to ensure that it has subject matter jurisdiction at all times. *See* Fed. R. Civ. P. 12(h)(3). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id.* District courts may maintain subject

---

[1] Unpublished Ninth Circuit opinions are not precedent, but the Court considers the unpublished decisions cited in this order for their persuasive value. *See* Fed. Rules of Appellate Procedure Rule 32.1; CTA9 Rule 36-3.

4

matter jurisdiction over state law claims under the supplemental jurisdiction statute in their discretion after dismissing federal claims. 28 U.S.C. § 1367(c).

Plaintiffs argue that "*Walker* made it clear that the Ninth Circuit interprets *Royal Canin* to mean that remand after dismissal of the final federal question claim is mandatory." Dkt. No. 44 at 13. That position misreads those cases. The Court agrees that when a plaintiff voluntarily dismisses a federal claim, as occurred in *Royal Canin*, 604 U.S. at 28–35, and *Walker*, 158 F.4th at 976–81, the district court loses subject matter jurisdiction, since there is no statutory provision that otherwise grants discretion to maintain that jurisdiction. *Royal Canin*, 604 U.S. at 35. But when the court (rather than the plaintiff) dismisses federal claims and state claims remain, the analysis is different. In that circumstance, the court retains subject matter jurisdiction over those supplemental claims, but has the discretion to "decline to exercise supplemental jurisdiction." 28 U.S.C. § 1367(a), (c). The Supreme Court discussed this fundamental difference in *Royal Canin*. 604 U.S. at 32; *see also Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1096 (9th Cir. 2025) (holding after *Royal Canin* that "after a district court dismisses federal claims in an action on non-jurisdictional grounds, it is required to exercise its discretion to decide whether it is 'appropriate to keep the state claims in federal court'; it cannot remand for lack of supplemental jurisdiction"). So Plaintiffs are incorrect that this Court lacked subject matter jurisdiction once it decided to dismiss the federal count. Plaintiffs' motion for relief under Rule 60(b)(1) is **DENIED** on that basis.

The Plaintiffs further argue that *Royal Canin* and *Walker* constitute a "change in the law" which would justify relief under Rule 60(b)(6). Dkt. No. 44 at 12–15. But those cases did not change the law in any way relevant to this case, so Plaintiffs' motion for relief under Rule 60(b)(6) on this ground is **DENIED**.

        **ii.**    **The Court Was Not Required to Remand the Case to State Court**

Plaintiffs also argue because the case was originally filed in state court and removed to federal court, remand was mandatory once the Court dismissed the federal claim and declined to exercise supplemental jurisdiction. Dkt. No. 44 at 10; Dkt. No. 48 at 7–8. Defendant contends that the Court's decision to dismiss or remand is discretionary, and notes that it is common

5

1    practice in this district to dismiss state claims without prejudice to refiling in state court when the
2    court declines to exercise supplemental jurisdiction. Dkt. No. 47 at 8–9.
3          After a court declines supplemental jurisdiction, it must decide what to do with the state
4    law counts: dismiss them without prejudice or remand them to state court. The Supreme Court
5    addressed this issue in *Carnegie-Mellon University v. Cohill* when considering supplemental
6    jurisdiction's predecessor, pendent jurisdiction. 484 U.S. 343, 349–52 (1988). The question there
7    was whether a district court "could relinquish jurisdiction over the case only by dismissing it
8    without prejudice or whether the District Court could relinquish jurisdiction over the case by
9    remanding it to state court as well." *Id.* at 351. The Court held that the district court had
10   discretion to dismiss or remand in whatever way would "best accommodate the values of
11   economy, convenience, fairness, and comity." *Id.*
12         In the modern era, courts including the Ninth Circuit continue to find *Carnegie-Mellon*
13   persuasive and treat the decision to remand or dismiss without prejudice as within the court's
14   discretion. *Joseph v. Berkeley Grp., LLC*, 823 Fed. Appx. 472, 473 (9th Cir. 2020) ("We leave the
15   proper disposition of the [] state-law claims to the sound discretion of the district court."); *Shetty
16   v. City of Folsom*, No. 22-16146, 2023 WL 7101932, at *3 (9th Cir. Oct. 27, 2023) (finding
17   district court did not err in dismissing rather than remanding).
18         In considering whether to remand or dismiss, courts do consider whether prejudice would
19   result from a dismissal requiring refiling in state court. *See Carnegie-Mellon*, 484 U.S. at 352;
20   *Sanche v. Orbanco, Inc.*, 876 F.2d 897 (Table), 1989 WL 61711, at *7 (9th Cir. 1989). But
21   Plaintiffs nowhere argued in connection with the original motion to dismiss that they would suffer
22   prejudice from dismissal as opposed to remand, and they never raised remand as an alternative if
23   the Court found Defendant's arguments for dismissing the federal claim persuasive. *See* Dkt. No.
24   32 (opposition to motion to dismiss never raising this argument); *see also* Dkt. No. 18 (same as to
25   opposition to first motion to dismiss). That alone strongly supports denial of their motion. *See
26   Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1141 n.6 (9th Cir. 1999) (citation
27   omitted) ("A district court has discretion to decline to consider an issue raised for the first time in
28   a motion for reconsideration."); *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 250 (9th Cir.

1989) (Rule 60(b)(6) motions are not a mechanism for obtaining a "second bite at the apple"). And even if the Court were now to assess prejudice for the first time, with respect to a request never made before entry of judgment, Plaintiffs only appear to suggest that they have not been able to reopen the earlier stayed litigation in state court without a remand order. ECF No. 44-1 at 18, 24–26, 33–34. Importantly, Plaintiffs do not contend that they have ever sought to refile the claims in the state court and were denied, or explain why they could not do so as permitted by this Court's order. So while Plaintiffs presumably would have to spend some marginal amount of additional time and money to refile the claims, that does not mean that the Court erred here. *See Sanche,* 876 F.2d 897, at *7 (*citing Danner v. Himmelfarb*, 858 F.2d 515, 524 (9th Cir. 1988), for the principle that "[w]e have held that the passage of time and the expense of refiling a case in state court are insufficient to establish abuse of discretion").

Accordingly, Plaintiffs' motion for an indicative ruling in their favor with respect to their Rule 60(b) argument is **DENIED.**

### III. ORDER TO SHOW CAUSE

Following the December 19 hearing, the Court issued an Order to Show Cause why Plaintiffs' counsel should not be sanctioned for failing to appear. Dkt. No. 52. Counsel responded that he missed the hearing because it was calendared internally for the incorrect time. Dkt. No. 54 ¶ 4–6. Counsel credibly represented that this was an honest mistake, expressed contrition and embarrassment, and assured the Court that he has taken steps to ensure that this error will not recur. *Id.* ¶ 13. Given this response, the Court finds that no sanctions are warranted.

### IV. CONCLUSION

Plaintiffs' motion, Dkt. No. 44, is **DENIED**, and the Order to Show Cause, Dkt. No. 52, is **DISCHARGED**.

**IT IS SO ORDERED.**

Dated: January 15, 2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

7